IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                                                          **No. CR 94-0721 JEC**

**CIPRIANO ZAMUDIO,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion For Sentence Adjustment (Doc. 320). Defendant, who is not an American citizen, was convicted and sentenced on drug conspiracy charges by this Court (CR Doc. 269). He alleges that the Court sentenced him without considering the collateral consequences of his status as a deportable alien. Furthermore, because of Defendant's status, the Bureau of Prisons ("BOP") considers him ineligible for certain pre-release custody programs. Defendant contends that his sentence and BOP's policy have subjected him to a longer prison term than an American citizen would serve. He seeks reduction of his term of imprisonment.

It is assumed for purposes of this order that the relief Defendant seeks may be pursued in a habeas corpus petition under 28 U.S.C. § 2241. *Cf.* 18 U.S.C. § 3582(c) (prohibiting modification of a sentence except under specific statutory authorization); *United States v. Soto-Holguin*, 163 F.3d 1217, 1220 (10th Cir. 1999); *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997); *United States v. Price*, 438 F.3d 1005, 1007 (10th Cir. 2006) ("We have explained that '[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has *expressly* granted the court jurisdiction to do so.' ") (quoting *United States v. Green*, 405 F.3d 1180,

1184 (10th Cir. 2005)).  Here, even if § 2241 would provide Defendant an appropriate procedural avenue, the Court of Appeals for the Tenth Circuit has rejected his substantive claims against both the imposition and the execution of his sentence.

> [Defendant's] request for a downward departure based on the "collateral consequences" of his status as a deportable alien has been foreclosed.
> . . . .
> . . . "[T]he federal government can treat aliens differently from citizens so long as the difference in treatment has a rational basis." . . . We agree . . . [that] there is a rational basis to deem deportable aliens, who will be sent out of the country after the term of their sentence, ineligible for programs geared toward rehabilitating prisoners who will re-enter society after their release from confinement.

*United States v. Tamayo*, 162 F. App'x 813, 815, 816 (10th Cir. 2006) (internal citations omitted). Under the Tenth Circuit's decision in *Tamayo*, Defendant's allegations do not state grounds for modifying his sentence, and the Court will deny the motion.

　　IT IS THEREFORE ORDERED that Defendant's Motion For Sentence Adjustment (Doc. 320) is DENIED.

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　JOHN EDWARDS CONWAY
　　　　　　　　　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE